IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60136
Summary Calendar
_____

FREDDIE SIGERS,

                                        Plaintiff-Appellant,

versus

MORENOL M. LEWIS; MARIA SERAPIO,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CV-109PG
- - - - - - - - - -
October 2, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Freddie Sigers, Mississippi prisoner # 59682A, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action for

failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Sigers contends that

Dr. Morenol M. Lewis and Dr. Maria Serapio denied him adequate

medical care for his serious medical needs in violation of his

Eighth Amendment rights.  Sigers alleged that he received medical

treatment and pain medication for a back injury but that he

continues to suffer back pain.  Sigers' dissatisfaction or

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

disagreement with the medical treatment or diagnosis he received does not constitute deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Unsuccessful medical treatment, negligence, or medical malpractice are also insufficient to give rise to a claim of deliberate indifference. Id.

For the first time on appeal, Sigers argues that he did not receive pain medication for long periods of time.  Because Sigers' claim involves factual questions which were not resolved in the district court, he has not demonstrated plain error.  See Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).

Sigers also argues that the district court erred in not appointing counsel to represent him in the district court. Sigers has failed to demonstrate that any exceptional circumstances existed requiring counsel to be appointed in the district court.  See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

Sigers' appeal is without arguable merit and should be dismissed.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The district court's dismissal of this case and Sigers' appeal in this case constitute two strikes against him for purposes of 28 U.S.C. § 1915(g).  See Sigers v. Lewis, No. 2:96-CV-109PG (S.D. Miss. February 19, 1997); see also Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If a third district court action or appeal filed by Sigers is dismissed as frivolous,

he will be barred from bringing a civil action or appeal as a prisoner proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.  See § 1915(g).  Sigers should review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED.  5TH CIR. R. 42.2.  SANCTION WARNING ISSUED UNDER 28 U.S.C. § 1915(g).